UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 3:14-CR-002 |
| | ) | |
| DONNA S. ROBERTS | ) | |

## **MEMORANDUM AND ORDER**

This criminal case is before the court on the defendant's *pro se* motion for sentence reduction [doc. 912]. The defendant asks the court to resentence her pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 782 and 788 to the United States Sentencing Guidelines Manual ("U.S.S.G." or "sentencing guidelines"). Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S. Sentencing Guidelines Manual app. C, amend. 782 (2014). Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

The United States has responded in opposition to the defendant's motion [doc. 956]. The United States argues that the defendant is not eligible for a sentence reduction because Amendment 782 has no effect on her statutorily-mandated term of imprisonment.

**I.   Background**

By judgment dated July 29, 2014, this court sentenced the defendant to a term of imprisonment of 120 months as to Count One (conspiracy to distribute methamphetamine). The statute of conviction required a mandatory sentence of at least 120 months imprisonment. The defendant's guideline range became 120 to 135 months because the statutory minimum was greater than the bottom of the range otherwise applicable in this case. *See* U.S.S.G. § 5G1.1(b).

**II.   Analysis**

District courts have discretion to reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In the present case, the defendant was not sentenced based on a guideline range that has since been lowered by the Sentencing Commission. Instead, her guideline range was the lowest possible term of imprisonment allowed by the *statute* of conviction. Amendment 782 does not lower any statutory penalties.

Further, a sentence reduction under § 3582(c) for this defendant would not be consistent with the Sentencing Commission's applicable policy statements. Application Note 1(A) to guideline 1B1.10 explains in relevant part that

a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . [a guideline amendment] is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment).

The defendant's guideline range has not been lowered as a result of Amendment 782's revision of the sentencing guidelines' § 2D1.1 Drug Quantity Table. Because the defendant's sentence was based on a statutory mandatory minimum rather than on U.S.S.G. § 2D1.1, she is ineligible for an Amendment 782 sentence reduction. *See, e.g., United States v. McPherson*, 629 F.3d 609, 611-12 (6th Cir. 2011).

### III. Conclusion

For the reasons stated herein, the defendant's motion for sentence reduction [doc. 912] is **DENIED**. To the extent that the defendant's motion requests the appointment of counsel, that request is denied as well because the defendant is plainly not entitled to relief under Amendment 782.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge